**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LINDA COWLES, *et al.,*

    Plaintiffs,

                           C.A. No. 07-1909 (JDB)

    v.

DISTRICT OF COLUMBIA,

    Defendant.

**DEFENDANT DISTRICT OF COLUMBIA'S CONSENT MOTION FOR
ENLARGEMENT OF TIME TO LATE FILE A RESPONSE TO
PLAINTIFFS' COMPLAINT**

Defendant District of Columbia, by and through counsel, and pursuant to Fed. Civ. P. R.

6(b), respectfully moves this Court for an enlargement of time to late file a response to plaintiffs'

Complaint, and as grounds states as follows:

1.      Plaintiffs filed the instant action on October 23, 2007, against the District of

Columbia.  Plaintiffs allege that they were tenants of a residential complex located at 5005-5009

D Street, S.E. *See* Complaint at ¶ 1. According to the plaintiffs, on or about October 26, 2004,

the District informed them that it was going to close the buildings. *Id*. at ¶ 11. Plaintiffs further

allege that they were allowed to remain in the apartment complex for the night but that the next

morning they were told to vacate the building. *Id*. at ¶¶ 11 & 12.

2.      On November 20, 2007, plaintiffs filed their affidavits of service indicating that

on October 23, 2007, they served the Office of the Attorney General for the District of Columbia

and the Mayor of the District of Columbia.   The District's Answer was due on November 13,

2007.  Because of the press of other business, and the heavy workload of undersigned counsel, a

responsive pleading was not filed timely.  Undersigned seeks leave to late file a responsive

pleading on behalf of the District of Columbia.

3.    Fed. P. Civ. R. 6(b)(2) provides that "upon motion made after the expiration of

the specified period [the Court may] permit the act to be done where the failure to act was the

result of excusable neglect…."  The United States Court of Appeals for the District of Columbia

Circuit has outlined the factors that constitute excusable neglect based upon the Supreme Court's

holding in *Pioneer Investment Services v. Brunswick Associates,* 507 U.S. 380 (1993).

According to the court, the following factors should be considered:  "(1) the danger of prejudice

to the party opposing the modification, (2) the length of delay and its potential impact on judicial

proceedings, (3) the reason for the delay, including whether it was within the reasonable control

of the movant, and (4) whether the movant acted in good faith." *See In re: Vitamins Antitrust*

*Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003).

4.    Plaintiffs' counsel consents to the requested relief and no party will be unduly

burdened by this defendant's requested relief. Defendant District of Columbia's answer to the

Complaint is being filed contemporaneously with the filing of this motion, and is based on

excusable neglect and is for good cause.

This defendant has attached hereto, a memorandum of points and authorities in support of

Its Consent Motion for Enlargement of Time to Late File a Response to Plaintiffs' Complaint.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


/s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295


## CERTIFICATE PURSUANT TO RULE 7(m)

I hereby certify that on November 21, 2007, the undersigned communicated with Daniel

Cantor, Esq., plaintiffs' counsel, regarding the relief herein sought, and consent was granted.


/s/ Leticia L. Valdes
LETICIA L. VALDES

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LINDA COWLES, *et al.,*

    Plaintiffs,

    v.                                                                                    C.A. No. 07-1909 (JDB)

DISTRICT OF COLUMBIA,

    Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S CONSENT MOTION FOR ENLARGEMENT OF TIME
TO LATE FILE A RESPONSE TO PLAINTIFFS' COMPLAINT**

In support of its Consent Motion for Enlargement of Time to Late File a Response to

Plaintiffs' Complaint, defendant District of Columbia herein submits and relies upon the following

authorities:

1.      Fed. P. Civ. R. 6(2);

2.      The entire record herein;

3.      Judicial economy;

4.      The lack of undue prejudice to the parties;

5.      Plaintiffs' consent; and

6.      The Court's equitable powers.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


/s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LINDA COWLES, *et al.,*

    Plaintiffs,

                          C.A. No. 07-1909 (JDB)

    v.

DISTRICT OF COLUMBIA,

    Defendant.

## ORDER

Upon consideration of defendant District of Columbia's Consent Motion for Enlargement

of Time to Late File a Response to Plaintiffs' Complaint, it is by the Court this _____ day of

_____, 2007,

ORDERED:   that Defendant's Motion for Enlargement of Time to Late File a Response

to Plaintiff's Complaint is hereby GRANTED, and it is,

FURTHER ORDERED: that defendant District of Columbia's response to plaintiffs'

Complaint shall be deemed as filed as of the date of this order.


                               _____

                               Judge John D. Bates

                               U.S. District Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


LINDA COWLES, *et al.,*

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

C.A. No. 07-1909 (JDB)

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER**
**TO PLAINTIFFS' COMPLAINT**

Defendant, District of Columbia (hereinafter "the District"), by and through counsel,

responds to the Complaint, as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint, the

defendant District of Columbia responds in like-numbered paragraphs as follows:

Introduction

1-3.    The District denies the allegations set forth in paragraphs 1 through 3 of the Complaint.

4.    This defendant is without sufficient information to either admit or deny the allegations set

forth in paragraph 4 of the Complaint.  To the extent a response is required, this defendant denies

the allegations.

The Parties

5.      This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 5 of the Complaint.

6.      The District acknowledges its status as a municipal government.

Jurisdiction and Venue

7-8.    This defendant acknowledges the statutory authorities cited in paragraphs 7 and 8 of the Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

Inapplicability of D.C. Code § 12-309

9.      The allegations set forth in paragraph 9 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, this defendant denies the allegations.

Facts

10-14.  This defendant lacks sufficient information at this time to either admit or deny the allegations set forth in paragraphs 10 through 14 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

15.     The allegations set forth in paragraph 15 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

16.     This defendant lacks sufficient information at this time to either admit or deny the allegations set forth in paragraph 16 of the Complaint.  To the extent a response is required, this defendant denies the allegations.

17.     The allegations set forth in paragraph 17 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant.

2

<u>First Cause of Action – Violation of 42 U.S.C. § 1983</u>

18.    The District reasserts each and every response contained in paragraphs 1 through 17

above as if fully set forth herein and hereby incorporates them by reference.

19-22. The allegations set forth in paragraphs 19 through 22 are the legal conclusions of the

pleader to which no response is required from this defendant. To the extent that a response is

required, this defendant denies the allegations.

23-25. This defendant denies the allegations set forth in paragraphs 23 through 25 of the

Complaint.

26.    The Court records speak for themselves.

27-33. This defendant denies the allegations set forth in paragraphs 27 through 33 of the

Complaint.

<u>Second Cause of Action – Breach of Bailment</u>
<u>(On Behalf of Plaintiff Saxon Only)</u>

34.    The District reasserts each and every response contained in paragraphs 1 through 33

above as if fully set forth herein and hereby incorporates them by reference.

35-37. The allegations set forth in paragraphs 35 through 37 are the legal conclusions of the

pleader to which no response is required from this defendant. To the extent that a response is

required, this defendant denies the allegations.

38-40. This defendant denies the allegations set forth in paragraphs 38 through 40 of the

Complaint.

Third Cause of Action – Negligence
(On Behalf of Plaintiff Saxon Only)

41.     The District reasserts each and every response contained in paragraphs 1 through 40

above as if fully set forth herein and hereby incorporates them by reference.

42.     The allegations set forth in paragraph 42 of the Complaint are the legal conclusions of the

pleader to which no response is required from this defendant. To the extent that a response is

required, this defendant denies the allegations.

43-45.  This defendant denies the allegations set forth in paragraphs 43 through 45 of the

Complaint.

        Further answering, the District denies all allegations of wrongdoing, intentional,

negligent or otherwise, not specifically denied or otherwise responded to.

## THIRD DEFENSE

        Plaintiffs' claims are not cognizable under the Fifth Amendment.

## FOURTH DEFENSE

        Plaintiffs' claims do not rise to the level of constitutional violations.

## FIFTH DEFENSE

        The actions of this defendant, by and through its agents/or employees were reasonably

necessary to effect, maintain and enforce the laws of the United States of America and/or the

District of Columbia.

## SIXTH DEFENSE

        The actions of this defendant, by and through its agents and/or employees, were taken in

good faith and with a reasonable belief in their lawfulness.

4

### SEVENTH DEFENSE

The actions of this defendant, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

### EIGHTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of the criminal or wrongful acts of third persons and not this defendant, its employees or agents.

### NINTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of their sole or contributory negligence and/or assumption of the risk.

### TENTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

### ELEVENTH DEFENSE

The doctrine of laches and/or the applicable statutes of limitations may bar this action.

### TWELFTH DEFENSE

Plaintiffs cannot prove facts sufficient to maintain a cause of action against the defendant District of Columbia pursuant to 42 U.S.C. § 1983.

### THIRTEENTH DEFENSE

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, statutory and operational standards, and negligence.

### FOURTEENTH DEFENSE

Plaintiffs may have failed to fully comply with the mandatory requirements of D.C. Official Code § 12-309.

## FIFTEENTH DEFENSE

The public duty doctrine may bar plaintiffs' claims.

## SIXTEENTH DEFENSE

The District may not be held liable for the criminal conduct of a third person, not

employed or otherwise associated with the District unless the criminal act was foreseeable, and

the District failed to take action to prevent it.

## SEVENTEENTH DEFENSE

There was no bailment between the District of Columbia and plaintiffs.

## SET-OFF

This defendant claims a set-off for any and all funds paid to plaintiffs by this defendant,

including any grants or other public funds made available to plaintiffs or on plaintiffs' behalf.

## JURY DEMAND

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiffs'

Complaint be dismissed with prejudice, with costs awarded. FURTHER, this defendant reserves

the right to amend this answer pursuant to Fed. Rule Civ. Procedure 15.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

        /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov

7